UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT ARENA | CIVIL ACTION |
| VERSUS | NO. 14-1676 |
| WTI TRANSPORT, INC., , ET AL | SECTION "C" (5) |

ORDER

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff seeks damages for personal injuries allegedly sustained on May 7, 2013, in an automobile accident. Suit was filed on May 2, 2014, and removed on the basis of diversity jurisdiction on July 22, 2014.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988

F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

  The defendants agree that the existence of the jurisdictional threshold was not facially apparent from the petition, and rely on medical records and the pre-filing settlement demand. Rec. Doc. 12 at 3. The plaintiff's MRIs revealed disc herniations at L3–4, L4–5 and L5–S1, an annular tear at L3–4, nerve root compression at L5–S1 and a disc bulge at C–5 consistent with moderate bilateral foraminal stenosis and reversal of

cervical lordosis consistent with soft tissue injury. Rec. Doc. 13. Lumbar epidural steroid injections were recommended but not performed, and surgery has not been recommended nor ruled out. The plaintiff's medical expenses amount to $11,402.00, and the plaintiff's lawyer asked for $261,402.00 to settle the case prior to filing suit in April 2014 based on the results of the MRI. Rec. Doc. 12-1.

The Court finds that the defendants have not made a showing sufficiently particularized to meet their burden. The existence of the jurisdictional minimum is determined at the time of removal, and the record lacks evidence of significant medical expenses, a final diagnosis or prognosis or the nature of any alleged disability. In this regard, the Court rejects the suggestion that settlement letters provide evidence of a plaintiff's actual valuation in all circumstances. Settlement demands are evidence to be considered, but were they determinative, the parties could effectively consent to subject matter jurisdiction where it is lacking. Absent some proof supporting the jurisdictional amount, federal jurisdiction would be based, at best, on speculation or consent, neither of which is allowed.

Based on the record and the law, the Court can not find that the defendants have established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941); <u>Brown v. Demco, Inc.</u>, 792 F.2d 478 (5th Cir. 1986); <u>Butler v. Polk</u>, 592 F.2d 1293

(5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 21st day of November, 2014.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE